UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-58083

MATHEW ANDREWS, JR.,                                Chapter 7

           Debtor.                              Judge Thomas J. Tucker

_____/

**ORDER DENYING DEBTOR'S MOTION
TO CONVERT CASE TO CHAPTER 13**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion to Reconvert Chapter 7 Case to Chapter 13," filed on February 24, 2020 (Docket # 31, the "Motion"). On March 23, 2020, the Debtor filed a Certificate of No Response, indicating that no objections to the Motion had been filed. But the Court cannot grant the Motion, for the following reasons.

The Debtor filed a voluntary petition for relief under Chapter 13 on December 30, 2019. On January 13, 2020, the Debtor voluntarily converted the case from Chapter 13 to Chapter 7 (Docket # 10). The Debtor now seeks an order converting the Chapter 7 case back to Chapter 13. The Court may not allow this requested conversion, because there was previously a conversion under 11 U.S.C. § 1307(a)[1] of the Debtor's Chapter 13 case to Chapter 7.

Section 706(a) of the Bankruptcy Code provides, in relevant part: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, *if the case has not been converted under section 1112, 1208, or 1307 of this title.*" 11 U.S.C. § 706(a) (italics added). The Debtor does not have a right to voluntarily convert the case to

---

[1] Section 1307(a) of the Bankruptcy Code provides: "The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable." 11 U.S.C. § 1307(a).

Chapter 13, because the exception in § 706(a) applies. As many cases have held, under these circumstances, the Court does not have authority under any provision of the Bankruptcy Code to convert a Chapter 7 case back to Chapter 13 on the Debtor's request.[2] *See, e.g., In re Muth*, 378 B.R. 302, 303-04 (Bankr. D. Colo. 2007) (holding that under § 706(a), a debtor has a one-time conversion right which is "lost once it is exercised" and concluding that the debtors' previous conversion of their case from Chapter 13 to Chapter 7 prevented them from reconverting their case to Chapter 13); *In re Baker*, 289 B.R. 764, 769-70 (Bankr. M.D. Ala. 2003) (holding that under § 706(a), "a [d]ebtor loses his right to convert his case to a case under Chapter 13 if the case previously has been converted" and that "it is not in the [c]ourt's discretion to allow reconversion"); *In re Banks*, 252 B.R. 399, 402-03 (Bankr. E.D. Mich. 2000) (holding that the debtor "[h]aving once converted her case from chapter 13 to chapter 7 . . . [was] prohibited by 11 U.S.C. § 706(a)" from re-converting her case back to chapter 13, and that the bankruptcy court did not have discretion to allow such a conversion); *In re Hardin*, 301 B.R. 298, 299–300 (Bankr. C.D. Ill. 2003) ("This Court agrees with the recent opinions in *Baker* and *Banks*. The language of Section 706(a) gives debtors a right to convert only if the case has not previously been converted."); *In re McLawhorn*, No. 13-00167-8-RDD, 2014 WL 4948120, at *2 (Bankr. E.D.N.C. 2014) (holding that the language of § 706(a) clearly and unambiguously prohibits reconversion of a case once it has already been converted, and that therefore, "[b]ecause the [d]ebtor previously exercised her right to convert from Chapter 13 to Chapter 7, she no longer ha[d] the option of re-converting back to Chapter 13").

    Accordingly,

---

[2] While there are cases holding otherwise, this Court finds the cases cited in this Order to be more persuasive, and agrees with them.

2

19-58083-tjt    Doc 33    Filed 03/27/20    Entered 03/27/20 16:27:43    Page 2 of 3

IT IS ORDERED that the Motion is denied.

**Signed on March 27, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**